IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAVARRA TRAYLOR, #R29653,     )
     )
     Plaintiff,     )
     )
     vs.     )     Case No. 3:25-cv-01557-MAB
     )
MICHAEL R. CONAT,     )
SGT. YONAKA,     )
TRAVIS BAYLEE,[1]     )
STEPHEN M. GERMAK,     )
T. PIPER,     )
LT. LOCKHART,     )
and BRIAN L. TOLIVER,     )
     )
     Defendants.     )

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Lavarra Traylor, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights (Doc. 1). He asserts that Defendants used excessive force on him while he had a medical emergency, and complains about a related disciplinary action (Doc. 1).

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.[2] 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally

---

[1] Plaintiff's attached documents indicate Baylee's correct surname is "Bayler" (Doc. 1, pp. 1, 18).

[2] The Court has jurisdiction to screen the Complaint based on Plaintiff's consent to the full jurisdiction of a magistrate judge, and the limited consent by the Illinois Department of Corrections to the exercise of

frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

A review of the Complaint reveals the following allegations:  On January 10, 2025, at about 5:30 AM, Plaintiff took his prescribed medication (Tegretol) on an empty stomach (Doc. 1, p. 10). While he was standing on the walk near north dietary on his way to work, he started feeling dizzy and light-headed and began to black out because of the medication. He mumbled "help" and collapsed. While Plaintiff was unconscious, correctional officers sprayed him in the face with pepper spray and placed him in handcuffs and leg restraints instead of summoning medical attention (Doc. 1, pp. 6, 10).

Plaintiff attaches a disciplinary report authored by Defendant Conat, stating that Defendants Yonaka, Conat, Piper, and Lockhart encountered Plaintiff stumbling and falling on the walk by dietary (Doc. 1, pp. 8-9, 12). Plaintiff was "mumbling and under the influence of an unknown substance." (Doc. 1, p. 12). When the officers tried to put Plaintiff in handcuffs, he "attempted to resist" and later kicked his legs toward Conat. Conat then sprayed Plaintiff's face area with pepper spray. Plaintiff was placed into leg irons and a stair chair and taken to Health Care, where he was treated for pepper spray exposure. *Id.*

Plaintiff was found guilty of attempted assault by hearing committee members Brian Toliver and Stephen Germak (Doc. 1, p. 12). Plaintiff filed a grievance seeking to

---

magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

2

have the ticket and punishment expunged because he was unaware of his actions toward staff during his medical emergency (Doc. 1, pp. 14-15). That grievance was denied and the denial was affirmed by the Administrative Review Board, signed by Travis Bayler (Doc. 1, p. 18).

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 7).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> **Count 1:** **Eighth Amendment excessive force claim against Conat, Yonaka, Piper, and Lockhart for spraying Plaintiff in the face with pepper spray during his medical emergency on January 10, 2025.**
>
> **Count 2:** **Fourteenth Amendment due process claim against Defendants for finding Plaintiff guilty of attempted assault and imposing punishment for the January 10, 2025 incident, despite Plaintiff's defense that he had a medical emergency.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard**.[3]

### Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010).

Plaintiff alleges he fell unconscious from a reaction to his medication and did not consciously resist or harm Yonaka, Conat, Piper, or Lockhart. He claims that spraying him in the face with pepper spray was an unnecessary and excessive use of force. These allegations are sufficient to state a claim for excessive force, and Count 1 will proceed against Yonaka, Conat, Piper, and Lockhart.

**Count 2**

To establish a due process claim related to disciplinary proceedings, an inmate must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). The caselaw on what amounts to a deprivation of a liberty interest is vast and evolving. *See e.g., Jackson v. Anastasio*, 2025 WL 2437947 at * 5-8 (7th Cir. Aug. 25, 2025) (finding that three months of disciplinary segregation with deplorable conditions such as a cell coated with feces and urine, constant noise, water contaminated by Legionnaire's, and mice and roaches and mice were sufficient conditions to invoke a protected liberty interest). When analyzing whether disciplinary segregation implicates a protected liberty interest, courts consider "the 'combined import of the duration of the segregative confinement *and* the conditions endured.'" *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024) (quoting *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). "[T]he facts matter." *Lisle*, 933 F.3d at 721.

In considering the process that must be afforded to Plaintiff, the Seventh Circuit has recently indicated in a pair of cases that an inmate is only entitled to informal due process if he does not lose good-time credit.  Here, Plaintiff's Disciplinary Report as well the Adjust Committee Final Summary Report are included as attachments to the Complaint. And in reviewing these documents, it is clear that Plaintiff did not lose  any good-time credit. Accordingly, the Court must apply the informal due process standard, which requires only that an inmate be provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing.  *Ealy*, 109 F.4th at 965; *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024) (majority opinion of St. Eve, J.) (finding that an inmate is only entitled to informal due process for any disciplinary proceeding that does not result in the loss of good-time credit).

Here, the Court need not determine whether a liberty interest was implicated because even if it was, Plaintiff's allegations establish that he received all the process he was due under the informal due process standard. He was given notice of the charge and an opportunity to present a written defense at his hearing. The reporting officer's statement was sufficient to satisfy the "some evidence" standard, despite Plaintiff's disagreement with that version of events. This is fatal to Plaintiff's due process claim.

For these reasons, the Complaint fails to state a colorable due process claim in Count 2. Count 2 and Defendants Baylee (Bayler), Germak, and Toliver will be dismissed without prejudice.

### DISPOSITION

The Complaint states colorable claims in Count 1 against Defendants Conat,

Yonaka, Piper, and Lockhart. Count 2 and Defendants Baylee (Bayler), Germak, and Toliver are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Michael R. Conat, Sgt. Yonaka, T. Piper, and Lt. Lockhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment

includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: June 15, 2026**

_____
**MARK A. BEATTY**
**United States Magistrate Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the Defendants' Answer, but it is entirely

possible that it will take 90 days or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.